UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RE/MAX, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Space Hunters, Inc. and<br><br>John McDermott,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-5600 (JSR) |

## [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION

This Court has reviewed Plaintiff RE/MAX, LLC's ("RE/MAX") Motion for Entry of Final Judgment by Default ("Motion") against Defendant Space Hunters, Inc. and Defendant John McDermott (collectively "Defendants") under Federal Rule of Civil Procedure 55(b) and considered all evidence submitted in connection with the Motion. A decision has been rendered in favor of Plaintiff, RE/MAX, LLC.

For purposes of this Judgment and Permanent Injunction, relevant Exhibits and defined terms included in Plaintiff's Motion for Entry of Final Judgment by Default are incorporated into this Order by reference.

IT IS ORDERED AND ADJUDGED:

1. The Court has jurisdiction over the three claims arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, pursuant to 28 U.S.C. § 1331 and 1338. The Court has supplemental jurisdiction over the New York statutory and common law claims pursuant to 28 U.S.C. § 1367.

2. The Court finds that the RE/MAX Marks are valid and enforceable and have become widely and favorably known as identifying real estate brokerage and

related services associated with RE/MAX and its network of independently owned and operated franchised offices and their affiliated independent contractor/sales associates.

3. The Court finds RE/MAX is entitled to a default judgment against Defendants in this matter, and that Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114 (Count I); unfair competition and false designation of origin under 15 U.S.C. § 1125(a) (Count II); trademark counterfeiting under 15 U.S.C. § 1114 (Count III); trademark infringement under N.Y. Gen. Bus. Law § 360-K, O, *et seq.* (Count IV); trademark infringement under New York common law (Count VII); and unfair competition under New York common law (Count VIII).

4. The Court awards, and Defendants, jointly and severally, are ORDERED to pay to RE/MAX $68,549.76 in attorneys' fees and $2,283.21 in costs pursuant to 15 U.S.C. § 1117(a) and (b)(1); and 17 U.S.C. § 505, as well as post-judgment interest pursuant to 28 U.S.C. § 1961(a).

5. A Permanent Injunction is Ordered and hereby entered, effective immediately, enjoining Defendants, and their principals, agents, servants, employees, successors, and assigns and all those in privity, concert or participation with them, and their principals, agents, servants, employees, successors, and assigns and all those in privity, concert or participation with them from:

    a. imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the RE/MAX Marks or

2

    any mark confusingly similar to the RE/MAX Marks, including, without limitation, RIMACS;

b.  using any unauthorized copy or colorable imitation of the RE/MAX Marks, or false designation of origin or description, in such fashion as is likely to relate or connect Defendants with RE/MAX or the RE/MAX Network or cause confusion;

c.  using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by RE/MAX;

d.  causing likelihood of confusion or injury to RE/MAX's business reputation and to the distinctiveness of the RE/MAX Marks by unauthorized use of identical or confusingly similar marks;

e.  registering or attempting to register or using in any way any Internet domain name incorporating any of the RE/MAX Marks, or any mark confusingly similar to any of the RE/MAX Marks;

f.  engaging in any other activity constituting unfair competition, counterfeiting, or infringement of the RE/MAX Marks or RE/MAX's rights in, or to use, or to exploit the same; and

g.  assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (f) above.

90877903.5

6.  Defendants and their principals, agents, servants, employees, successors, and assigns and all those in privity, concert or participation with them who receive actual notice of this Default Judgment and Permanent Injunction are further ORDERED to deliver up, or at RE/MAX's election certify the destruction of, all signs, articles, promotional materials, advertising, and any other printed materials of any kind bearing the RE/MAX Marks, or any mark confusingly similar to the RE/MAX Marks.

7.  In accordance with Section 34(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants are further ORDERED to file with the Court, and serve upon RE/MAX within thirty (30) days after the entry and service on them of this Default Judgment and Permanent Injunction, a report in writing and under oath, setting forth in detail the manner and form in which it has complied with the terms of this Default Judgment and Permanent Injunction.

8.  The Court shall retain jurisdiction of this action to entertain such further proceedings and enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment, including additional damages, costs, fees, and contempt if Defendants do not comply with all the terms of this Judgment, and including costs and fees associated with attempts to collect the Judgment from Defendants.

DATED:  8/13/24

_____
Hon. Jed S. Rakoff
United States District Judge

90877903.5